IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02297-STV

JOHN JORDAN,

    Plaintiff,

v.

ADAMS COUNTY SHERIFF'S OFFICE,
MICHAEL DONNELLON,
CHAD JENKINS,

    Defendants.
_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

This matter comes before the Court on Plaintiff's Motion for Certification Under Rule 54(b). [#41] The Motion is before the Court on the parties' consent to have a United States magistrate judge conduct all proceedings in this action and to order the entry of a final judgment. [##6, 7] This Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motions. For the following reasons, the Motion is **DENIED.**

**I.    BACKGROUND**

This case arises out of a 2018 encounter between Plaintiff and two Adams County Sheriff's Deputies investigating an accident involving Plaintiff's nephew. [*See generally* #1] On August 4, 2020, Plaintiff initiated this lawsuit. [*Id.*] The Complaint brings four claims, all pursuant to 42 U.S.C. § 1983: (1) excessive force [*id.* at ¶¶ 36-44]; (2) unlawful

seizure [*id*. at ¶¶ 45-49]; (3) malicious prosecution [*id*. at ¶¶ 50-58]; and (4) violation of religious freedom [*id*. at ¶¶ 59-62]. On January 17, 2022, this Court granted in part Defendants' Motion for Summary Judgment [#18], resulting in summary judgment entering in favor of Defendants on Claims One, Two, and Three. [#28] The Court denied Defendants' motion as to Claim Four—Plaintiff's First Amendment Claim—and ordered that claim to proceed to trial, which is set to begin May 3, 2022. [##28, 30]

The parties thereafter submitted all pre-trial documents required by this Court's Trial Preparation Conference Order, [*see* ##27, 31-39], and this Court conducted a Trial Preparation Conference on April 13, 2022 [#40]. It was not until the April Trial Preparation Conference—three months after this Court's Summary Judgment Order—that Plaintiff first suggested appealing the Summary Judgment Order under Federal Rule of Civil Procedure 54(b). [#40] At that time, Plaintiff had not yet conferred with Defendant[1] regarding this proposal. [*Id*.] The Court ordered the parties to confer and to file any Rule 54(b) motion on or before April 18, 2022. [*Id*.]

On April, 18, 2022, Plaintiff filed the instant Motion, in which he represented that, "defendant does not oppose [the Motion] so long as the entire summary judgment order be made final, including the denial of summary judgment on the first-amendment claim." [#41 at 1] Plaintiff further stated that he "does not oppose [Defendant's] request [regarding appealing all four claims,] although it appears that the circuit would not have jurisdiction over defendant's appeal." [*Id*.] As a result of these statements, this Court entered a Minute Order instructing Defendant to file a response to the Motion "briefing

---

[1] By this stage, only Defendant Dont Adams County Sheriff's Officer remained actively in the action.

whether the denial of summary judgment on the first-amendment claim may properly be appealed under Rule 54(b) and indicating, with explanation, whether Defendant is opposed to [the Motion] if the decision as to that claim cannot be appealed."  [#42]

On April 22, 2022, Defendant filed its response, in which it stated:

> Upon further review and research into this issue, Defendant Adams County alters its position as the denial of summary judgment on the First Amendment Claim may not qualify as a final judgment from which a right to appeal flows and in that regard does not oppose Plaintiff's request with respect to the Fed. R. Civ. P. 54(b) Motion.

[#43 at 3]  Accordingly, this Court considers only whether it's Order granting Summary Judgment in favor of Defendants on Claims One, Two, and Three should be appealed under Federal Rule of Civil Procedure 54(b).

## II.   STANDARD

Federal Rule of Civil Procedure 54(b) states:  "When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay."  "[T]he rule attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants."  *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (citing 10 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2654 at 35 (1982)).

"Rule 54(b) may be invoked only in a relatively select group of cases and applied to an even more limited category of decisions."  *Waltman v. Georgia-Pac., LLC*, 590 F. App'x 799, 808 (10th Cir. 2014) (internal quotation marks omitted).  As a result, "Rule 54(b) entries are not to be made routinely . . . .  Indeed, trial courts should be reluctant to

3

enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." *Okla. Tpk. Auth.*, 259 F.3d at 1242 (internal quotations and citations omitted).

### III.   ANALYSIS

The Court thus turns to the instant Motion, in which Plaintiff requests that this Court (1) certify its Summary Judgment Order as to Claims One, Two, and Three under Rule 54(b) for appeal to the Tenth Circuit; (2) vacate the May 3, 2022 trial; and (3) administratively close this case until resolution of the appeal.  [#41]

"Rule 54(b) establishes three prerequisites for appeal of a separate final judgment on fewer than all claims in a lawsuit: (1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay."  *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005); *see also Okla. Tpk. Auth.*, 259 F.3d at 1242 (describing requirements for certification under Rule 54(b)); *Fireman's Fund Ins. Co. v. Steel St. Ltd*, No. 17-cv-01005-PAB-SKC, 2019 WL 3778304, *2 (D. Colo. Aug. 12, 2019) (same).  "[C]ourts entering a Rule 54(b) certification should clearly articulate their reasons and make careful statements based on the record supporting their determination of 'finality' and 'no just reason for delay.'" *Stockman's Water Co. LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (quotations omitted).  Appeal under Rule 54(b) "is only appropriate when a district court adheres strictly to the rule's requirement."  *Waltman*, 590 F. App'x at 810 (emphasis omitted).

The Court first addresses the Rule's final requirement:  that there be "no just reason for delay."  FED.R.CIV.P. 54(b).  Plaintiff's only argument on this point is that "[i]f the May 3 trial proceeds, and if plaintiff prevails on his appeal after that trial, this court will

4

have to have two trials" but "[i]f this court allows the appeal and vacates the May trial, there will ultimately be only one trial."  [#41 at 2]  Plaintiff also argues that certification "would not lead to the Court of Appeals deciding the same issue more than once" because the claims are "totally distinct."  [*Id*.]  Finally, Plaintiff argues that "certification is appropriate for judicial economy – given such a certification, there will be only one trial and one appeal."[2]  [*Id*. at 3]

But the requirement that the Court expressly find that there is "no just reason for delay," cannot be met by solely referencing considerations like "in the interest of judicial economy" and "encourage[s] a speedy resolution."  *Okla. Tpk. Auth.*, 259 F.3d at 1244 (alteration in original).  And Plaintiff does not identify any factor or consideration which causes the Court to believe that a delay in the appeal of the Summary Judgment Order will prejudice Plaintiff—or Defendant, for that matter—in any unusual way.  This is particularly acute where, as here, Plaintiff waited until the final hour to make this Motion, with trial less than three weeks away.  Thus the "delay" in question is minimal, at best.  *See Okla. Turnpike*, 259 F.3d at 1242 (finding that the purpose of Rule 54(b) "is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships" (quotations omitted)).

Given this failure, and the "strong federal policy against piecemeal review," *Fireman's Fund*, 2019 WL 3778304, *3, this Court finds that the balance of equities do not weigh in favor of certifying the Summary Judgment Order as final and appealable under Rule 54(b).[3]  Accordingly, the Court DENIES the Motion.

---

[2] Defendant makes no arguments regarding delay.  [*See generally* #43]
[3] Because this Court finds that the third requirement of the Rule is not met, it does not address the other requirements.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Certification Under Rule 54(b) [#41] is **DENIED**. The parties **SHALL** present to the Courthouse by 8:30 am on May 3, 2022 for a Jury Trial on Plaintiff's Fourth Claim for Relief under the First Amendment and **SHALL** comply with all other pre-trial orders and deadlines previously entered by this Court.


DATED:  April 24, 2022                                   BY THE COURT:

                                                         s/Scott T. Varholak
                                                         United States Magistrate Judge