# ROBERT M LIECHTY PC

**ATTORNEY AT LAW**
1800 GAYLORD ST.
DENVER, COLORADO 80206

**ROBERT M. LIECHTY**

TELEPHONE 303-861-5300
RLIECHTY@CROSSLIECHTY.COM

April 12, 2024

Via email only: kbooth@adcogov.org

Ms. Kerri Booth
4430 S. Adams County Parkway
Suite C50000B
Brighton, CO 80601

*Re:*   *John Jordan v. Adams County Sheriff's Office, et al.*
      Case No. 20-cv-02297-STV

Dear Ms. Booth,

Mr. John Jordan makes the following settlement demand. As you know, we have a good opinion from the circuit setting out the law of the case. As you've seen from our proposed jury instructions, we will ask Judge Varholak to instruct the jury in accordance with this law of the case. Given the facts that have come out thus far, the officers arrested Jordan either for his sarcastic criticism of them or because he was yelling so loudly that the officers could not hear the nephew. Given the dynamics, volume and tone of voice of what the jury will hear on the audiotape, it is likely that the jury will believe that the officers arrested Jordan for his criticism of them. His tone, sarcastic at times, will be in his favor because a jury will see how the officers could have retaliated against him for that, notwithstanding the instruction from the circuit that they were not allowed to retaliate. As you know from the appeal, the officers could not arrest him even if his comments annoyed or distracted the officers and the judge will so instruct the jury.

As you also know, Judge Varholak has allowed Jordan to bring a claim for punitive damages against each officer and, therefore, this demand is aimed at the county's obligation to protect the officers from punitive exposure. We acknowledge that Mr. Jordan has "soft" damages – he spent the night in jail and he was obviously indignant at being arrested for trying to protect his nephew. It is difficult to say how much the jury will award for such injuries – it could be $5000 or it could be $100,000. It is also difficult to determine what the jury may award in punitive damages but, in a case involving police retaliation and overreach, that is a danger you must take into account in the county's duty to protect the officers. This amount could easily slip into the $100,000 range.

**EXHIBIT 3**

Ms. Kerri Booth
Jordan v. Jenkins
April 12, 2024
page 2

If Jordan prevails on any claim, we will be entitled to all our attorney's fees, given the linked nature of the claims. Discounting the time that I spent on the jail claim (discounted 20% through the summary judgment order and 100% for the prior trial), I have $117,060 in the case through yesterday and Mr. Gaines, who has a different fee arrangement with Jordan, will bill approximately $20,000. In other words, this has turned into an attorney's fee case complicated, from your point of view, by the obligation to protect the officers from punitive exposure.

In light of this, Mr. Jordan will settle for $130,000. This offer expires in ten days, on April 22, 2024, the day before the pretrial conference.

Very truly yours,

**ROBERT M LIECHTY PC**

Robert M. Liechty

cc    John Jordan
      Terrell Gaines